## No. 11,537.

DURLAND TRUST CO. *v.* VOLLMER, ADMINISTRATRIX.

Decided January 17, 1927.

Action to foreclose mortgage. Bill of intervention dismissed.

### *Affirmed.*

1. APPEAL AND ERROR—*Findings.* Findings of the trial court, which are supported by evidence, will not be disturbed on review.

*Error to the District Court of Weld County, Hon. Robert G. Smith, Judge.*

Mr. WALTER S. COEN, Mr. WILLIAM B. PAYNTER, Mr. OMER T. MALLORY, for plaintiff in error.

Mr. WILLIAM R. KELLY, for defendant in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

VOLLMER, defendant in error's intestate, had a judgment of dismissal of the plaintiff in error's bill of intervention in a suit by him to foreclose a mortgage. The company brings error.

The company sold the note and mortgage in question to Vollmer, without recourse, through one Metzger. It sent checks for the semi-annual coupons to Metzger who delivered the same to Vollmer, received the coupons and sent them to the company. This went on till eight of the coupons had been so treated. The ninth being unpaid

Vollmer brought suit to foreclose. The company then intervened and asked to share in the security to the extent of coupons 6, 7 and 8, which it said had not been paid by the mortgagor but were still in its hands.

On trial the court found generally for the plaintiff and against the intervener, and, since there is evidence to support the finding, we cannot overthrow it.

The question, of course, was and is whether these coupons were paid. The plaintiff in error contends that they were purchased. There is circumstantial evidence tending to show purchase, but it is not conclusive and there is evidence to the contrary. Is it reasonable to believe that Vollmer, had he known these coupons in question were unpaid, would have been so slow in acting? If the company had purchased them why did it hold one of them till two years overdue without action, without even notice to Vollmer, so far as the record shows? There is also testimony that Metzger, when he sold him the note, told Vollmer that the interest "would be paid on the day it was due" and "the company would pay the interest whether the farmer paid it or not."

There are citations in the briefs to support the plaintiff in error, but in none of them was there a direct finding of the fact of payment overruled by the appellate court.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.